In Re Petition of Medford Jones, et al., For a New Public Road in Cedar Creek Hundred.

*Public Road; Laying out—Return of Commissioners; Exceptions to Return, Signed by Counsel—Affidavit of Counsel to Prove Identity or Service—Service of Notice—Description of Road—Remanding Return.*

1. Exceptions to the return of commissioners appointed to lay out a public road may be signed by Counsel where the exceptions are based upon facts which are supported by the affidavit of the exceptants.

2. Upon a petition to dismiss the exceptions upon the ground that Burton B. Deputy appeared in the body of the exceptions as one of the exceptants, while the affidavit accompanying the same was signed by *Benjamin B. Deputy*, *held*, that counsel might file his own affidavit showing that Burton B. Deputy and Benjamin B. Deputy were one and the same person.

3. Service of notice upon the person holding the legal title to the lands, though another has a life interest therein, is sufficient; and notice need not be served upon the latter or tenant in posession.

4. *Held*, that the description of the proposed road in the petition and return corresponded with reasonable exactness with the description in the notice.

5. Where it appears that the commissioners had failed to perform their duty in respect to the assessment of damages, the return may be remanded to the commissioners for amendment.

(*October* 16, 1907.)

Lore, C. J., and Grubb and Boyce, J. J., sitting.

*W. Watson Harrington*, for petitioners.

*A. D. Marshall* for exceptants.

Court of General Sessions, Sussex County, October Term, 1907.

Exceptions to petition for new road in Cedar Creek Hundred, Sussex County.

The following exceptions were filed to the return of the commissioners appointed to lay out said public road, viz,

"*First.* For that notice of the intended application and petition to said Court for said public road has not been served upon Burton B. Deputy, who is owner and holder of lands across which said proposed road is to run, he having a life interest therein and present possession thereof, according to the Act of Assembly in that behalf.

"*Second.* For that no return of the commission appointed by this Honorable Court in accordance with said petition was made on or before the first day of the term next after its appointment according to the act of Assembly in that behalf, nor application made to this Honorable Court within said time for an enlargement of said required time.

"*Third.* For that the commissioners appointed as aforesaid did not assess damages to *every* the owners or holders of the land across which said road is to run and state the same in their report, filed in this Honorable Court at this present term, nor state in their said report that they assessed no damages to certain of said owners and holders, considering all circumstances of benefit or injury which might accrue therefrom, but assessed damages only to the person who would be least damaged thereby.

"*Fourth.* For that said road is proposed to be laid out across a part of a grave-yard or cemetery wantonly and without sufficient reason therefor.

"*Fifth.* For that said proposed road described in said petition and report, or return, do not exactly correspond with the notice aforesaid of the intended application to this Honorable Court.

"*Sixth.* For that said petition does not disclose with reasonable precision the beginning and termini of said proposed road as required by the Act of Assembly in that behalf.

"*Seventh.* For that Burton B. Deputy aforesaid is not a petitioner for said proposed public road and has not been notified of

the intended application to this Honorable Court for said new road according to the Act of Assembly in that behalf.

"For these and other good reasons and causes these exceptants pray your Honors not to confirm the report of the commissioners aforesaid, and to dismiss the petition aforesaid.

A. D. MARSHALL,<br>
*Attorney for exceptants.*"

"STATE OF DELAWARE ⎱ ss.
SUSSEX COUNTY. ⎰

"Personally came this eleventh day of October, A. D. 1907, before me, the subscriber, one of the Justices of the Peace in and for the County aforesaid, Hester A. Marshall and Burton B. Deputy above named, who being duly affirmed according to law, do solemnly affirm that the facts set forth in the foregoing exceptions are true to the best of their knowledge and belief.

BENJAMIN B. DEPUTY<br>
HESTER A. MARSHALL."

(The above affidavit was duly attested by the Justice of the Peace.)

*Harrington*, for petitioners, moved to dismiss the exceptions, on the ground that said exceptions were not signed by the exceptants, but only by their counsel.

The Court held that where the exceptions were based wholly or in part upon facts which were supported by affidavit of the persons who were exceptants, it was sufficient if the said exceptions were signed by their counsel.

*Harrington*, for petitioners, then moved that the exceptions be dismissed upon the further ground that Burton B. Deputy appeared in the body of the exceptions as one of the exceptants, while the affidavit accompanying the same was signed by *Benjamin B. Deputy*.

*Marshall*, for exceptants, thereupon filed a supplementary affidavit, signed by himself, setting forth that Burton B. Deputy, named as exceptant in the body of the exceptions and in the body of the affidavit, and *Benjamin B. Deputy*, whose signature appeared to the affidavit, was one and the same person.

*Harrington*, for petitioners, objected to the supplementary affidavit on the ground that the affidavit was made by counsel, who could not testify either by affidavit or otherwise in the case, under the well-established practice of the Courts.

The Court held that the supplementary affidavit was sufficient and that counsel could testify to prove identity or service; that the confidential relation between counsel and client was not thereby violated.

As to the first and seventh exceptions above set forth the Court held that service upon the person who held the legal title to the lands, though another had a life interest therein, was sufficient; and that notice need not be served upon the latter, or tenant in posession.

The Court further held that the description of said proposed road in said petition and report or return corresponded with reasonable exactness to the notice of the intended application, and therefore held that the fifth and sixth exceptions raising said point were insufficient.

The fourth exception was not passed upon.

Upon the third exception the Court remanded the return to the commissioners for amendment.